PAMELA DAVIS *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

| Superior Court | Judicial District of New Britain | File No. CV000502561S |

Memorandum filed April 30, 2001*

*Bridgeport city attorney*, for the plaintiff.

*Connecticut Freedom of Information Commission*, for the defendants.

No appearance for Barbara Brennan, the complainant.

## I

## INTRODUCTION

TANZER, J. This is an administrative appeal from a final decision of the named defendant, the freedom of information commission (commission), brought pursuant to General Statutes §§ 1-206 (d) and 4-183 (b), by the plaintiff, Pamela Davis, tax assessor of the city of Bridgeport (tax assessor). The commission's decision ordered the tax assessor to provide the complainant, Barbara Brennan, with access to the motor vehicle grand lists for 1997 and 1998 and to comply strictly with the provisions of General Statutes § 1-210 (a).

The appeal of the commission's order was timely filed and, after briefs were submitted, the court heard oral argument on January 3, 2001.

## II

## FACTS AND PROCEDURAL HISTORY

On March 2, 1999, Brennan, an insurance investigator, went to the tax assessor's office in the city of Bridgeport

---

* Affirmed. *Davis v. Freedom of Information Commission*, 259 Conn. 45, 787 A.2d 530 (2002).

and asked to inspect the motor vehicle grand list books for 1997 and 1998. The tax assessor's office denied Brennan's request on the grounds that the tax assessor is prohibited from disclosing motor vehicle information contained in such lists pursuant to the federal Drivers Privacy Protection Act, 18 U.S.C. § 2721 et seq. (act) and General Statutes § 14-10, as amended by No. 97-266 of the 1997 Public Acts (P.A. 97-266). By letter dated March 2, 1999, Brennan filed a complaint with the commission alleging, inter alia,[1] that the tax assessor had denied her access to inspect the motor vehicle grand lists for 1997 and 1998.

A contested administrative hearing was held on May 20, 1999, before hearing officer Colleen M. Murphy. On July 14, 1999, the commission held a hearing on Murphy's amended proposed final decision. The commission affirmed Murphy's proposed final decision and, on July 22, 1999, issued a notice of final decision finding that the tax assessor violated § 1-210 (a) in denying Brennan access to the 1997 and 1998 motor vehicle grand list books. Further, the commission's decision ordered the tax assessor to provide Brennan access to inspect the books and, "[h]enceforth strictly [to] comply with the provisions of . . . § 1-210 (a)."

The facts underlying the present case are essentially undisputed. The tax assessor challenges the final decision of the commission on the legal ground that it improperly concluded that neither the act nor General Statutes §§ 14-10 and 14-50a (d) prohibit the assessor from disclosing information contained in the records received from the department of motor vehicles or the motor vehicle grand lists compiled from such records.

---

[1] Brennan also complained that she had been denied access to real estate grand lists and field cards. The commission found that Brennan was not denied access to such information. That ruling is not at issue in the present appeal.

## III

## JURISDICTION

The tax assessor is adversely affected by the decision of the commission in that she is faced with either complying with the act and §§ 14-10 and 14-50a, thereby violating the commission's orders, or complying with the commission's orders and arguably or possibly violating the act and §§ 14-10 and 14-50a. An agency that has been ordered by the commission to disclose information is aggrieved for purposes of an appeal from that order because failure to comply with the order could result in criminal and civil sanctions. See *State Library* v. *Freedom of Information Commission*, 240 Conn. 824, 834, 694 A.2d 1235 (1997). Likewise, the tax assessor faces possible federal criminal and civil sanctions for violating the act pursuant to 18 U.S.C. §§ 2723 and 2724. "Aggrievement [necessary for standing for an administrative appeal] is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *New England Cable Television Assn., Inc.* v. *Dept. of Public Utility Control*, 247 Conn. 95, 103, 717 A.2d 1276 (1998).

The tax assessor is, therefore, aggrieved and has standing to appeal.

## IV

## STANDARD OF REVIEW

The commission is an administrative agency; see General Statutes § 1-205; and is, thus, governed by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. General Statutes § 4-183 (j), which describes the Superior Court's standard of review of an agency's decision, provides in pertinent part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions

of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."

The ultimate determination is whether, "in view of all of the evidence . . . the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission*, 47 Conn. App. 466, 470, 704 A.2d 827 (1998). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 774, 535 A.2d 1297 (1988). Ordinarily, great deference is given to the construction given a statute by the agency charged with its enforcement. *Connecticut Assn. of Not-for-Profit Providers for the Aging* v. *Dept. of Social Services*, 244 Conn. 378, 389, 709 A.2d 1116 (1998). "[A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to

judicial scrutiny . . . the agency is not entitled to a special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Citations omitted; internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Texas-Ohio Power, Inc.*, 243 Conn. 635, 642–43, 708 A.2d 202 (1998).

## V

## DISCUSSION

In its final decision, the commission concluded that neither the act nor §§ 14-10 and 14-50a (d) prohibit the tax assessor from disclosing the personal information contained in motor vehicle grand lists. The commission concluded that the express statutory restrictions against disclosure by the department of motor vehicles and by "a person, firm or corporation" to whom motor vehicle records have been disclosed did not apply to the tax assessor. Additionally, the commission concluded that General Statutes § 12-55 (a) requires motor vehicle grand lists be available for public inspection. The commission declined to find that P.A. 97-266, which amended § 14-10 to prohibit disclosure of personal information contained in motor vehicle records, implicitly repealed § 12-55 (a) in the absence of clear legislative intent to do so.

The essence of the present appeal is a challenge to the commission's conclusions of law concerning application to the tax assessor of the act and § 14-10, as amended by P.A. 97-266, and § 14-50a (d) and the interplay between those statutes and § 12-55 (a). This appears to be a matter of first impression. As such, the standard of review is broadened and the special deference ordinarily given to administrative agencies gives way to an analysis of the governing principles of law.

The act "regulates the disclosure of personal information contained in the records of state motor vehicle departments." *Reno* v. *Condon*, 528 U.S. 141, 143, 120 S. Ct. 666, 145 L. Ed. 2d 587 (2000). Likewise, § 14-10 as amended by P.A. 97-266, regulates the disclosure of personal information contained in the records of the department of motor vehicles. " 'Personal information' " in both the federal and state statutes is defined as any information "that identifies an individual and includes an individual's . . . name [and] address. . . ." General Statutes § 14-10 (a) (3).

Section 2721 (a) of the act provides in pertinent part: "Except as provided in subsection (b), *a State department of motor vehicles, and any officer, employee, or contractor, thereof*, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record." (Emphasis added.)

Section 14-10 (c) and (d) similarly limit and regulate disclosure of personal information in the records of the department of motor vehicles. Section 14-10 (c) (2), as amended by P.A. 97-266, provides in pertinent part: "Before disclosing personal information . . . from such motor vehicle records or allowing the inspection of any such record containing such personal information . . . the commissioner [of motor vehicles] shall ascertain whether the individual who is the subject of the request has elected to allow disclosure. . . . The commissioner [of motor vehicles] may disclose such personal information or permit the inspection of such record containing such information only if the individual who is the subject of the request has elected to allow disclosure."

Neither the act nor § 14-10 (d), as amended by P.A. 97-266, apply by their express terms to the office of the tax assessor or to the motor vehicle grand list books.

They apply only to the commissioner of motor vehicles and motor vehicle records. See *Kirschner* v. *Freedom of Information Commission,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV970567162 (January 15, 1998) (*McWeeny, J.*), in which the court held that General Statutes (Rev. to 1996) § 14-10 did not apply to records in the custody of the department of public safety.

Moreover, § 2721 (b) (1) of the act permits disclosure of personal information by a state department of motor vehicles and any officer, employee, or contractor, thereof *"[f]or use by any government agency . . . in carrying out its functions . . . ."* (Emphasis added.) Section 14-10 (f) similarly permits the commissioner of motor vehicles or any person contracting with the department to disclose personal information from a motor vehicle record to "any federal, state or local government agency in carrying out its functions or to any individual or entity acting on behalf of any such agency." (Emphasis added.)

Section 14-10 (g) provides: "Any person receiving personal information from a motor vehicle record pursuant to subsection (f) of this section shall be entitled to use such information for any of the purposes set forth in said subsection." Thus, a person in a government agency, or an individual or person in an entity acting on behalf of any such agency, may use motor vehicle personal information in carrying out its functions, in the present case, in carrying out the functions of the tax assessor's office.

Section 14-50a (d), which enumerates fees that the commissioner of motor vehicles shall charge for requests for information under § 14-10, provides: "No person, firm or corporation furnished information by the commissioner [of motor vehicles] as provided by this section shall distribute such information for any

other purpose than that for which it was furnished." Assuming, arguendo, that this section applies to a government agency or a person in a government agency, there is no prohibition upon the distribution of information in furnished records in carrying out the functions of the agency as that is the very purpose for which the information was furnished.

General Statutes § 14-163 provides in pertinent part: "[T]he commissioner [of motor vehicles], on or before the first day of December, annually, shall furnish to the tax assessors in each town a list containing the names and addresses of the owners of motor vehicles and snowmobiles residing in their respective towns, as they appear by the records of the Department of Motor Vehicles, with a description of such vehicles. . . ." Municipal tax assessors, in carrying out the function of their agency, are required to use the lists furnished to them by the commissioner of motor vehicles to create grand lists of property, including motor vehicles, for public inspection.

General Statutes (Rev. to 1999) § 12-55 (a) provides in pertinent part: "When the lists of any town have been so received or made by the assessor or board of assessors, they shall equalize the same, if necessary, and make any assessment omitted by mistake or required by law. . . . When such lists have been so completed, the assessor or board of assessors shall arrange such lists in alphabetical order and lodge the same, except as otherwise specially provided by law, in the town clerk's or assessor's office, on or before the thirty-first day of January, *for public inspection.* Such assessor or board of assessors shall make an abstract of such lists . . . and, except as otherwise specially provided by law, shall lodge such abstract in the town clerk's office, on or before the thirty-first day of January next after the date prescribed for the filing of such lists, *for public*

*inspection.*" (Emphasis added.) The purpose of § 12-55 (a) "is for the general benefit of each inhabitant of the town, that he may by inspection ascertain whether, in his opinion, injustice has been done him, and if so, appeal to the board of relief for its correction, and that failure to return such an abstract as and when required invalidated the assessment." *Rocky Hill Inc. District* v. *Hartford Rayon Corp.*, 122 Conn. 392, 403, 190 A. 264 (1937).

The tax assessor contended to the commission that she is the custodian of the records provided to her by the commissioner of motor vehicles and, as custodian, is prohibited from disclosing them. That contention is not supported by the facts or the law. As the hearing officer rightfully found, the tax assessor is not the legal custodian of the department of motor vehicle records, but, rather, is given such records annually to compile a motor vehicle grand list each year pursuant to § 12-55 (a).

The tax assessor also contends that the phrases "except as otherwise specially provided by law" in § 12-55 (a) and "except as otherwise provided by any federal law or state statute" in § 1-210 refer to the prohibitions against disclosure under the act and § 14-10 as amended. Since, as discussed previously, neither the act nor § 14-10 expressly prohibits disclosure by the tax assessor, her contention must fail. To conclude otherwise would require finding an implicit repeal of § 12-55 (a) and Connecticut's historical system of making grand lists, including personal property grand lists, available to the public for correction and disputation. The hearing officer rightly rejected such an option and found that if the legislature had intended to restrict access to the name, address and ownership information provided to tax assessors by the department of motor vehicles pursuant to § 14-163, it would have done so explicitly and specifically.

## VI

### CONCLUSION

The commission has correctly concluded that neither the act nor §§ 14-10 and 14-50a (d) prohibit the tax assessor from disclosing information contained in records received from the department of motor vehicles or the motor vehicle grand lists compiled from such records. The commission correctly concluded that the tax assessor violated the provisions of § 1-210 (a) by failing to provide Brennan with access to the requested 1997 and 1998 motor vehicle grand list books.

Accordingly, the appeal of the tax assessor is dismissed.