PAMELA DAVIS *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(SC 16598)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued December 7, 2001—officially released January 15, 2002

*John H. Barton*, associate city attorney, for the appellant (plaintiff).

---

*Victor R. Perpetua,* appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Opinion*

PER CURIAM. This is an appeal by the plaintiff, Pamela Davis, the tax assessor of the city of Bridgeport, from the judgment of the trial court dismissing her appeal from an order of the named defendant, the freedom of information commission (commission).[1] The commission had ordered the plaintiff to provide the complainant, Barbara Brennan, with access to the city's motor vehicle grand lists for 1997 and 1998, and to comply strictly with the provisions of General Statutes § 1-210 (a),[2] formerly §1-19 (a).

The plaintiff claims that the federal Drivers Privacy Protection Act; 18 U.S.C. § 2721 et seq.;[3] and General

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statues § 51-199 (c).

[2] General Statutes § 1-210 (a) provides: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-212. Any agency rule or regulation, or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the rights granted by this subsection shall be void. Each such agency shall keep and maintain all public records in its custody at its regular office or place of business in an accessible place and, if there is no such office or place of business, the public records pertaining to such agency shall be kept in the office of the clerk of the political subdivision in which such public agency is located or of the Secretary of the State, as the case may be. Any certified record hereunder attested as a true copy by the clerk, chief or deputy of such agency or by such other person designated or empowered by law to so act, shall be competent evidence in any court of this state of the facts contained therein. Each such agency shall make, keep and maintain a record of the proceedings of its meetings."

[3] Title 18 of the United States Code, § 2721 (1994 & Sup. 1999), provides: "Prohibition on release and use of certain personal information from State motor vehicle records

"(a) In General.—Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record.

"(b) Permissible Uses.—Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321–331 of title 49, and may be disclosed as follows:

"(1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

"(2) For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

"(3) For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

"(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

"(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

"(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

"(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

"(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

"(7) For use in providing notice to the owners of towed or impounded

vehicles.

"(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

"(9) For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

"(10) For use in connection with the operation of private toll transportation facilities.

"(11) For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

"(12) For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

"(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

"(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

"(c) Resale or Redisclosure.—An authorized recipient of personal information (except a recipient under subsection [b][11] or [12]) may resell or redisclose the information only for a use permitted under subsection (b) (but not for uses under subsection [b][11] or [12]). An authorized recipient under subsection (b)(11) may resell or redisclose personal information for any purpose. An authorized recipient under subsection (b)(12) may resell or redisclose personal information pursuant to subsection (b)(12). Any authorized recipient (except a recipient under subsection [b][11])that resells or rediscloses personal information covered by this chapter must keep for a period of 5 years records identifying each person or entity that receives information and the permitted purpose for which the information will be used and must make such records available to the motor vehicle department upon request.

"(d) Waiver Procedures.—A State motor vehicle department may establish and carry out procedures under which the department or its agents, upon receiving a request for personal information that does not fall within one of the exceptions in subsection (b), may mail a copy of the request to the individual about whom the information was requested, informing such individual of the request, together with a statement to the effect that the information will not be released unless the individual waives such individual's right to privacy under this section."

Title 18 of the United States Code, § 2722, provides: "Additional unlawful acts

"(a) Procurement for Unlawful Purpose.—It shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title.

## Statutes §§ 14-10,[4] 14-50a and 14-163, bar the disclosure

"(b) False Representation.—It shall be unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record."

Title 18 of the United States Code, § 2723, provides: "Penalties

"(a) Criminal Fine.—A person who knowingly violates this chapter shall be fined under this title.

"(b) Violations by State Department of Motor Vehicles.—Any State department of motor vehicles that has a policy or practice of substantial noncompliance with this chapter shall be subject to a civil penalty imposed by the Attorney General of not more than $5,000 a day for each day of substantial noncompliance."

Title 18 of the United States Code, § 2724, provides: "Civil action

"(a) Cause of Action.—A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

"(b) Remedies.—The court may award—

"(1) actual damages, but not less than liquidated damages in the amount of $2,500;

"(2) punitive damages upon proof of willful or reckless disregard of the law;

"(3) reasonable attorneys' fees and other litigation costs reasonably incurred; and

"(4) such other preliminary and equitable relief as the court determines to be appropriate."

Title 18 of the United States Code, § 2725, provides: "Definitions

"In this chapter—

"(1) 'motor vehicle record' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles;

"(2) 'person' means an individual, organization or entity, but does not include a State or agency thereof; and

"(3) 'personal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."

[4] General Statutes § 14-10 provides: "(a) For the purposes of this section:

"(1) 'Disclose' means to engage in any practice or conduct to make available and make known, by any means of communication, personal information contained in a motor vehicle record pertaining to an individual to any other individual, organization or entity;

"(2) 'Motor vehicle record' means any record that pertains to an operator's license, learner's permit, identity card, registration, certificate of title or any

of the motor vehicle grand lists in question. The plaintiff

other document issued by the Department of Motor Vehicles;

"(3) 'Personal information' means information that identifies an individual and includes an individual's photograph or computerized image, Social Security number, operator's license number, name, address other than the zip code, telephone number, or medical or disability information, but does not include information on motor vehicle accidents or violations, or information relative to the status of an operator's license, registration or insurance coverage; and

"(4) 'Express consent' means an affirmative agreement given by the individual who is the subject of personal information that specifically grants permission to the department to release such information to the requesting party. Such agreement shall (A) be in writing or such other form as the commissioner may determine in regulations adopted in accordance with the provisions of chapter 54, and (B) specify a procedure for the individual to withdraw such consent, as provided in regulations adopted in accordance with the provisions of chapter 54.

"(b) A number shall be assigned to each motor vehicle registration and operator's license and a record of all applications for motor vehicle registrations and operators' licenses issued shall be kept by the commissioner at the main office of the Department of Motor Vehicles.

"(c) (1) All records of the Department of Motor Vehicles pertaining to the application for registration, and the registration, of motor vehicles of the current or previous three years shall be maintained by the commissioner at the main office of the department. Any such records over three years old may be destroyed at the discretion of the commissioner. (2) Before disclosing personal information pertaining to an applicant or registrant from such motor vehicle records or allowing the inspection of any such record containing such personal information in the course of any transaction conducted at such main office, the commissioner shall ascertain whether such disclosure is authorized under subsection (f) of this section, and require the person or entity making the request to (A) complete an application that shall be on a form prescribed by the commissioner, (B) provide two forms of acceptable identification, and (C) pay a fee of fifteen dollars to the commissioner in addition to any fee required under section 14-50a. An attorney-at-law admitted to practice in this state may provide juris number to the commissioner in lieu of the requirements of subparagraph (B) of this subdivision. The commissioner may disclose such personal information or permit the inspection of such record containing such information only if such disclosure is authorized under subsection (f) of this section.

"(d) The commissioner may disclose personal information from a motor vehicle record pertaining to an operator's license or a driving history or permit the inspection or copying of any such record or history containing such information in the course of any transaction conducted at the main office of the department only if such disclosure is authorized under subsection (f) of this section. Any such records over five years old may be destroyed

also claims that the grand lists are exempt from the

at the discretion of the commissioner.

"(e) In the event (1) a federal court judge, federal court magistrate or judge of the Superior Court, Appellate Court or Supreme Court of the state, (2) a member of a municipal police department or a member of the Division of State Police within the Department of Public Safety, (3) an employee of the Department of Correction, (4) an attorney-at-law who represents or has represented the state in a criminal prosecution, or (5) a member or employee of the Board of Parole submits a written request and furnishes such individual's business address to the commissioner, such business address only shall be disclosed or available for public inspection to the extent authorized by this section.

"(f) The commissioner may disclose personal information from a motor vehicle record to

"(1) Any federal, state or local government agency in carrying out its functions or to any individual or entity acting on behalf of any such agency, or

"(2) Any individual, organization or entity that signs and files with the commissioner, under penalty of false statement as provided in section 53a-157b, a statement on a form approved by the commissioner, together with such supporting documentation or information as the commissioner may require, that such information will be used for any of the following purposes:

"(A) In connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers and removal of nonowner records from the original owner records of motor vehicle manufacturers to implement the provisions of the federal Automobile Information Disclosure Act, 15 USC 1231 et seq., the Motor Vehicle Information and Cost Saving Act, 15 USC 1901 et seq., the National Traffic and Motor Vehicle Safety Act of 1966, 15 USC 1381 et seq., Anti-Car Theft Act of 1992, 15 USC 2021 et seq., and the Clean Air Act, 42 USC 7401 et seq., as amended from time to time, and any provision of the general statutes enacted to attain compliance with said federal acts;

"(B) In the normal course of business by the requesting party, but only to confirm the accuracy of personal information submitted by the individual to the requesting party;

"(C) In connection with any civil, criminal, administrative or arbitral proceeding in any court or government agency or before any self-regulatory body, including the service of process, an investigation in anticipation of litigation and the execution or enforcement of judgments and orders, or pursuant to an order of any court provided the requesting party is a party in interest to such proceeding;

"(D) In connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls or advisories, performance monitoring of motor vehicles and motor vehicle parts and dealers, motor vehicle market research activities including survey research, motor vehicle product and service communications, and removal

## public disclosure otherwise mandated by General Stat-

of nonowner records from the original owner records of motor vehicle manufacturers, provided the personal information is not published, disclosed or used to contact individuals except as permitted under subparagraph (A) of this subdivision;

"(E) By any insurer or insurance support organization or by a self-insured entity or its agents, employees or contractors, in connection with the investigation of claims arising under insurance policies, antifraud activities, rating or underwriting;

"(F) In providing any notice required by law to owners or lienholders named in the certificate of title of towed, abandoned or impounded motor vehicles;

"(G) By an employer or its agent or insurer to obtain or verify information relating to a holder of a passenger endorsement or commercial driver's license required under the federal Commercial Motor Vehicle Safety Act of 1986, 49 USC 2304 et seq., and sections 14-44 to 14-44m, inclusive;

"(H) In connection with any lawful purpose of a labor organization, as defined in section 31-77, provided (i) such organization has entered into a contract with the commissioner, on such terms and conditions as the commissioner may require, and (ii) the information will be used only for the purposes specified in the contract other than campaign or political purposes;

"(I) For bulk distribution for surveys, marketing or solicitations provided the commissioner has obtained the express consent of the individual to whom such personal information pertains;

"(J) For the purpose of preventing fraud by verifying the accuracy of personal information contained in a motor vehicle record, including an individual's photograph or computerized image, as submitted by an individual to a legitimate business or an agent, employee or contractor of a legitimate business, provided the individual has provided express consent in accordance with subdivision (4) of subsection (a) of this section.

"(g) Any person receiving personal information from a motor vehicle record pursuant to subsection (f) of this section shall be entitled to use such information for any of the purposes set forth in said subsection.

"(h) Notwithstanding any provision of this section, the disclosure of personal information from a motor vehicle record pursuant to subsection (f) of this section shall be subject to the provisions of section 14-50a concerning (1) the fees that shall be charged for copies of or information pertaining to motor vehicle records and (2) the authority of the commissioner to establish fees for information furnished on a volume basis in accordance with such terms and conditions regarding the use and distribution of such information as the commissioner may prescribe.

"(i) Notwithstanding any provision of this section that restricts or prohibits the disclosure of personal information from a motor vehicle record, the commissioner may disclose personal information contained in any such record to any individual who is the subject of such personal information or to any person who certifies under penalty of false statement that such

person has obtained the express consent of the subject of such personal information.

"(j) The commissioner may adopt regulations in accordance with chapter 54 to implement the provisions of this section."

Although § 14-10 has been amended since 1999, when this action was instituted, the changes are not relevant to this appeal. References to § 14-10 are to the current revision of the statute.

General Statutes § 14-50a provides: "(a) The following fees shall be charged by the Commissioner of Motor Vehicles for the item or service indicated:

"(1) Duplicate of a registration certificate, five dollars.

"(2) First duplicate of a motor vehicle operator's license, ten dollars, second duplicate of a motor vehicle operator's license, twenty dollars and each duplicate of a motor vehicle operator's license thereafter, thirty dollars.

"(3) Replacement number plate or set of number plates, except as provided in subsection (c) of section 14-253a, eleven dollars.

"(4) Replacement number plate or set of number plates bearing same number as set of replaced plates, eleven dollars.

"(5) Each search of the accident record files made pursuant to a request for a copy of an accident report which results in no document being produced, ten dollars and seventy-five cents.

"(6) Each copy of an accident report, ten dollars and seventy-five cents.

"(7) Certified copy of an accident record, fourteen dollars.

"(8) Certified statement of 'no record of accident', fourteen dollars.

"(9) Certified abstract of driving history record, or driving history record for applicants for commercial driver's license with passenger endorsement or transportation permit, ten dollars.

"(10) Name of registered owner, four dollars and fifty cents.

"(11) Operator license information, five dollars and fifty cents.

"(12) Certification of any copy or record, three dollars and fifty cents.

"(13) Certified transcripts of hearing held by the commissioner, three dollars and fifty cents per page with a minimum charge of seventeen dollars and fifty cents.

"(14) Each copy of a motor vehicle operator's completed application for a license, seven dollars.

"(15) Each copy of a completed application for registration of a motor vehicle, seven dollars.

"(16) Each copy of a title document provided to a municipality, ten dollars.

"(17) Each request for information as provided in section 14-10, the amount provided in said section.

"(18) For any copy or material released from information maintained by the Department of Motor Vehicles for which no fee is established by statute, an amount determined by the commissioner.

"(b) The commissioner may establish fees not conforming to those of subsection (a) of this section for information furnished on a volume basis to persons or firms who satisfy the commissioner that the information

utes § 12-55 (a)[5] because "the phrase [in § 12-55 (a)]

furnished is properly required in connection with the conduct of such person's or firm's business.

"(c) The commissioner may waive any fee specified in subdivision (3) or (4) of subsection (a) of this section in the case of any person who submits a police report to the commissioner indicating that the number plate or set of number plates have been stolen or mutilated for the purpose of obtaining the sticker attached to the plate denoting the expiration date of the registration.

"(d) No person, firm or corporation furnished information by the commissioner as provided by this section shall distribute such information for any other purpose than that for which it was furnished.

"(e) Any person, firm or corporation which violates any provision of this section shall be fined not more than one hundred dollars."

General Statutes § 14-163 provides: "The commissioner, on or before the first day of December, annually, shall furnish to the tax assessors in each town a list containing the names and addresses of the owners of motor vehicles and snowmobiles residing in their respective towns, as they appear by the records of the Department of Motor Vehicles, with a description of such vehicles. The commissioner shall, on or before December 1, 2000, and December first, annually thereafter, furnish to the Commissioner of Revenue Services a list containing the names, addresses and federal Social Security account numbers or federal employer identification numbers, or both, if available, of the owners of motor vehicles as they appear by the records of the Department of Motor Vehicles, and the vehicle identification numbers of such vehicles, in order to establish the identification of persons affected by the tax laws of the state."

[5] General Statutes § 12-55 (a) provides: "When the declarations of any town have been so received or made by the assessor or board of assessors, they shall equalize the same, if necessary, and make any assessment omitted by mistake or required by law. The assessor or board of assessors may increase or decrease the valuation of property as named in any of such declarations or in the last-preceding grand list, but, in each case of any increase in valuation of such property above the valuation, if any, stated by the person filing such declaration or in each case of any increase of valuation above the valuation of such property in the last-preceding grand list, except with respect to the valuation of any motor vehicle, they shall send written notice by mail of such increase in accordance with subsection (b) of this section, or in accordance with subsection (f) of section 12-62 in the year of a revaluation, including in such notice the valuation prior to and after such increase with respect to each parcel of real property, the valuation of which has been increased, to the last-known address of the person whose valuation is so changed. If the methodology used to determine the value of personal property for which a notice of increase is required differs from that previously used to determine the value of such property by the assessor or assessors of such town, said notice shall include a statement concerning

'except as otherwise specially provided by law' would encompass the enactment of the Federal [Drivers Privacy Protection Act], as well as the subsequent revision to . . . § 14-10 creating the Connecticut privacy exemption."

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. *Davis* v. *Freedom of Information Commission*, 47 Conn. Sup. 309, 790 A.2d 1188 (2001). Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for

such change, which shall indicate the current methodology and that previously used. Such notice shall also include information describing the manner in which an appeal may be filed with the board of assessment appeals. When the review of such declarations has been completed, the assessor or board of assessors shall determine the assessed valuations resulting therefrom, including, where applicable, the twenty-five per cent assessment penalty added in accordance with section 12-41. The assessor shall publish all such assessed values, together with the assessed value of all other property in the town in the grand list abstract for the assessment year commencing on the October first immediately preceding completion of such grand list. Such grand list shall also reflect the statutory exemption or exemptions to which each taxpayer is entitled. The assessor or board of assessors shall lodge the same, except as otherwise specially provided by law, in the office of the assessor, on or before the thirty-first day of January following the commencement of such assessment year, for public inspection. Such assessor or board of assessors shall take and subscribe the oath provided by law, which shall be certified by the officer administering the same and endorsed upon or attached to such grand list abstract. For the grand list of October 1, 2000, and each grand list thereafter, each assessor who signs the grand list of the town shall be certified in accordance with the provisions of section 12-40a. Any assessor or board of assessors of any town who fails to comply with any provision of this section shall be fined five dollars."

Although § 12-55 (a) has been amended since 1999, when this action was instituted, the changes are not relevant to this appeal. References to § 12-55 (a) are to the current revision of the statute.

us to repeat the discussion contained therein. See *Kaluszka* v. *East Hartford,* 60 Conn. App. 749, 752, 760 A.2d 1269 (2000).

The judgment is affirmed.