WILLIAM B. KNAPP III *v.* TOWN OF STRATFORD
(SC 16950)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

Argued September 11—officially released October 28, 2003

*John A. Florek*, for the appellant (defendant).

*John M. Rodia*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The sole issue in this appeal[1] is whether the trial court properly concluded that hypertension disability benefits received by the plaintiff, William B. Knapp III, must be treated as compensation by the defendant town of Stratford (town) in calculating the plaintiff's pension benefits. The town claims that the trial court: (1) improperly interpreted the meaning of the word "compensation" as used in the documents that govern the plaintiff's pension; and (2) improperly determined that the meaning of the term "compensation" was plain and unambiguous, and thus failed to consider extrinsic evidence when determining its meaning. We affirm the judgment of the trial court.

The record reveals the following undisputed facts. The plaintiff was employed as a police officer by the town. On February 1, 2000, the workers' compensation commission awarded the plaintiff heart and hypertension disability benefits in the amount of $20,848.70 pursuant to General Statutes § 7-433c. During February and March, 2000, the town paid the plaintiff a total of $20,322.64 in benefits. The town reported the payments as income for federal income tax purposes and deducted applicable federal and state withholding taxes. The plaintiff retired on May 31, 2000.

---

[1] The town appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

At the time of the plaintiff's retirement, the plaintiff's pension benefits were governed by a document entitled "A Retirement Plan for Employees of the Town of Stratford as Revised Effective January 1, 1999," a letter agreement dated July 9, 1991, and a document entitled "Defined Benefit Retirement Plan For Members of Local 3804 Stratford Town Supervisors Union Council 4, AFSCME AFL-CIO" (supervisors union contract). Under the terms of this benefit plan, when the plaintiff attained the rank of deputy chief of police, his benefits were to parallel those provided for in the supervisors union contract. The supervisors union contract provided for calculation of pension benefits as a percentage of the employee's compensation. The supervisors union contract referred to the town's retirement plan for the definition of "compensation." Compensation was defined therein as "the total compensation paid to [the employee] by the Town as reportable for determining income for federal income tax purposes."

The town did not include as compensation the $20,322.64 paid to the plaintiff in heart and hypertension disability benefits when it calculated the plaintiff's pension. The plaintiff then brought this action against the town seeking to have those benefits included as compensation for determining his pension. The trial court concluded that the benefits should be treated as compensation and rendered judgment for the plaintiff. This appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. *Knapp* v. *Stratford*, 48 Conn. Sup. 157, 833 A.2d 469 (2002). Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the

applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55–56, 787 A.2d 530 (2002).

The judgment is affirmed.