## IN RE APPLICATION OF HARRY S. EBERHART
## (SC 17003)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued December 4, 2003—officially released February 24, 2004

*Jeffrey D. Brownstein*, for the appellant (defendant).

*Thomas J. Sansone*, for the appellee (substitute plaintiff).

## Opinion

PER CURIAM. The defendant, Harry S. Eberhart, appeals from the judgment of the trial court dismissing his application for reinstatement to the bar of this state.[1] This was the defendant's second application for reinstatement, following his 1991 resignation from the bar, which was accompanied by a waiver of his right to apply for reinstatement. The defendant claims that the trial court improperly: (1) ignored certain provisions of the rules of practice; (2) applied the doctrines of collateral estoppel and res judicata; and (3) denied him due process of law.

Based on our examination of the record and briefs and our consideration of the arguments of the parties, we are persuaded that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. *In re Application of Eberhart*, 48 Conn. Sup. 267, 841 A.2d 749 (2004). The memorandum of decision fully addresses all issues raised by the defendant in this appeal. Therefore, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55, 787 A.2d 530 (2002).

The judgment is affirmed.

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.