NELSON CECARELLI ET AL. *v.* BOARD OF
ASSESSMENT APPEALS OF THE TOWN
OF NORTH BRANFORD
(SC 17234)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

Argued November 24, 2004—officially released January 18, 2005

*Lawrence C. Sgrignari*, with whom was *Krista A. Dotson-O'Brien*, for the appellant (defendant).

*Robert M. Singer*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The plaintiffs,[1] owners of certain farm properties located in the town of North Branford

---

[1] The plaintiffs are Nelson Cecarelli, Edward Cecarelli, Joyce Cecarelli, Evon Cecarelli and Franklin Cecarelli.

(town), appealed to the Superior Court pursuant to General Statutes § 12-117a[2] from the valuation by the defendant, the board of assessment appeals of the town of North Branford, of a residential parcel located on one of the farm properties. The trial court sustained the plaintiffs' appeal. The defendant then appealed from that ruling to the Appellate Court and this court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2. The defendant claims on appeal that the trial court improperly: (1) accepted the valuation proffered by the plaintiffs' expert when the expert assessed the value of the residential parcel on February 1, 2002, instead of on the assessment date, October 1, 2001; (2) shifted the burden onto the defendant to prove that the value of the residential parcel had changed between October 1, 2001, and February 1, 2002; (3) accepted the valuation proffered by the plaintiffs' expert when the expert improperly had based his valuation on the "contributory value" of the residential parcel to the farm properties; (4) disregarded the defendant's evidence pertaining to the market value of a minimum acreage residential lot in determining the fair market value of the residential parcel; and (5) considered the sale of the farmland development rights to the state in determining the value of the residential parcel. We affirm the judgment of the trial court.

The record reveals the following relevant facts. The plaintiffs own farmland that is divided into two parcels

---

[2] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the . . . board of assessment appeals . . . in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing . . . October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

of property located at 186 Old Post Road and 153 Old Post Road in North Branford. Both parcels were designated as farmland pursuant to General Statutes § 12-107c.[3] In 1997, the plaintiffs conveyed the development rights to the properties to the state pursuant to General Statutes § 22-26cc.[4] The conveyance deed provided, inter alia, that "[t]he fee simple owner of the [properties] shall not divide, subdivide, develop, construct on, sell, lease or otherwise improve the [properties] for uses that result in rendering the [properties] no longer agricultural land." It further provided that "[n]o use shall be made of the [properties] . . . which is or may be inconsistent with the perpetual protection and preservation of the land as agricultural land . . . ."

The property at 186 Old Post Road contains a residence. For the assessment year commencing October 1, 2001, the town assessor assessed the residence at a value of $153,200 and assessed 0.92 acres of land surrounding the residence, which was not used as farmland, at a value of $78,400. The plaintiffs appealed to the defendant, claiming that the assessment was excessive because the assessor improperly had disregarded the restrictions on the development rights to the farmland. The defendant reduced the valuation of the residence to $105,000 because of its poor condition, but upheld

[3] General Statutes § 12-107c (a) provides in relevant part: "An owner of land may apply for its classification as farm land on any grand list of a municipality by filing a written application for such classification with the assessor thereof not earlier than thirty days before or later than thirty days after the assessment date, provided in a year in which a revaluation of all real property in accordance with section 12-62 becomes effective such application may be filed not later than ninety days after such assessment date. . . ."

[4] General Statutes § 22-26cc (a) provides in relevant part: "The commissioner [of the department of agriculture], with the approval of the State Properties Review Board, shall have the power to acquire or accept as a gift, on behalf of the state, the development rights of any agricultural land, if offered by the owner. . . ."

the valuation of the land. The plaintiffs then appealed from that ruling to the Superior Court.

At trial, the plaintiffs' expert, George T. Malia, Jr., testified that the residence should be valued at $96,000 and that the 0.92 acres of land surrounding the residence should be valued at $14,325 because of the restrictions on the development rights. He determined the value of the land by calculating its "contributory value" to the farm properties as of February 1, 2002. The town's assessor, Marietta Daddio, testified on behalf of the town that the town had used the services of an independent appraiser to evaluate the residential parcel. As of October 1, 2001, residential land values in the town averaged between $90,000 and $115,000 for a "builder's lot," or approximately 0.92 acres. The trial court found that the value of the residential parcel was $14,325 as of October 1, 2001,[5] and that the value of

---

[5] The defendant contends that the trial court should not have placed the burden on it to establish that the value of the property had changed between the assessment date of October 1, 2001, and the date that the plaintiffs' expert appraised the property, February 1, 2002. We agree that the burden is on the plaintiffs to establish that the property has been overassessed. See *Xerox Corp.* v. *Board of Tax Review*, 240 Conn. 192, 204, 690 A.2d 389 (1997). We also agree that the value of the property should be determined as of the last date of assessment. See, e.g., *Newbury Commons Ltd. Partnership* v. *Stamford*, 226 Conn. 92, 95, 626 A.2d 1292 (1993). When the defendant raised this issue at trial, however, the trial court asked defense counsel if he was aware of any authority for the proposition that "the expert report must be as of exactly the same date" as the assessment report. Defense counsel responded that he was not. At that point, the trial court indicated that it believed that the expert's use of an incorrect valuation date went only to the weight of his report and defense counsel responded, "All right."

In its brief to this court, the defendant has cited no authority for the proposition that the trial court cannot consider expert evidence on the value of a property if the valuation date is not exactly the same as the assessment date and the taxpayer has not presented any evidence as to the change in value between the dates. Accordingly, we conclude that it was within the trial court's discretion to determine that, in light of the fact that the central dispute between the parties was the method of valuation and not the change in value from October 1, 2001, to February 1, 2002, and in light of the relatively short period between these dates and the relatively small value

the residence was $96,000. See *Cecarelli* v. *Board of Assessment Appeals*, 49 Conn. Sup. 125, 131, 863 A.2d 768 (2003). This appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. See id. Because that memorandum of decision fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55, 787 A.2d 530 (2002).

The judgment is affirmed.

of Malia's appraisal, which the trial court credited, any change in value was de minimis.