## LEONARD L. CRONE *v.* JAMES A. CONNELLY ET AL.
(SC 16965)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued January 8—officially released February 3, 2004

*Leonard M. Crone*, with whom, on the brief, was *Doreen M. Alegi*, for the appellant (plaintiff).

*Barbara Brazzel-Massaro*, associate city attorney, for the appellees (defendant Lester H. Garrett et al.).

*Arthur C. Laske III*, assistant city attorney, for the appellee (named defendant).

PER CURIAM. The plaintiff, Leonard L. Crone, a teacher in the Bridgeport public school system, brought an action for violation of his constitutional rights, false arrest, intentional infliction of emotional distress, and malicious prosecution, against the defendants, James A. Connelly, the superintendent of the Bridgeport school system, Lester H. Garrett, a detective in the Bridgeport police department, Richard Mancini, a sergeant in the Bridgeport police department, and Thomas Sweeney, the police chief for the city of Bridgeport. The trial court granted the defendants' motion for a directed verdict, and rendered judgment for the defendants accordingly. On the plaintiff's appeal to the Appellate Court, that court affirmed the trial court's judgment. *Crone* v. *Connelly*, 74 Conn. App. 788, 802, 813 A.2d 1084 (2003). We granted the plaintiff's petition for certification for appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court properly granted the defendants' motion for a directed verdict?" *Crone* v. *Connelly*, 263 Conn. 902, 819 A.2d 836 (2003). This certified appeal followed.

Our examination of the record and briefs, and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed. The issues were resolved properly in the Appellate Court's concise and well reasoned opinion. Because that opinion fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Miller's Pond Co.* v. *Rocque*, 263 Conn. 692, 697, 822 A.2d 238 (2003).

The judgment of the Appellate Court is affirmed.