RAYMOND HASSETT *v.* CITY OF NEW HAVEN ET AL.
(AC 25804)

Dranginis, Harper and Hennessy, Js.

Argued June 1—officially released September 6, 2005

---

*Audrey C. Kramer*, assistant corporation counsel, for the appellant (named defendant).

*William B. Wynne*, with whom, on the brief, was *Frank B. Velardi, Jr.*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Raymond Hassett, a lieutenant with the New Haven police department, brought this uninsured motorists action against the defendant city of New Haven[1] seeking damages under the city's self-insured uninsured motorists policy. The action arose from an accident in which the plaintiff, while on duty in his police vehicle, was struck by a negligent uninsured motorist. Because of the accident, the plaintiff was unable to work for approximately three weeks. He underwent physical therapy for several months and eventually made a complete recovery. The defendant stipulated to liability at the beginning of trial, and the court heard evidence of the plaintiff's damages. The parties stipulated that the plaintiff suffered economic damages in the amount of $8395.66, consisting of $4130.50 in medical expenses and $4265.16 in lost wages and overtime. The court concluded that the plaintiff also suffered $6000 in noneconomic damages, which the defendant does not challenge on appeal. The sum of the plaintiff's economic and noneconomic damages equaled $14,395.66. *Hassett* v. *New Haven*, 49 Conn. Sup. 7, 9, 858 A.2d 922 (2004). The parties also agree

---

[1] The plaintiff also named as a defendant his personal insurance carrier, American Manufacturers Mutual Insurance Company. Because the plaintiff's damages did not exceed his maximum coverage under the city of New Haven's self-insured policy, there was no award of damages for which American Manufacturers Mutual Insurance Company was responsible. Only the defendant city of New Haven has appealed. We therefore refer in this opinion to the city of New Haven as the defendant.

that the defendant is entitled to offset that sum by $3009.03 for medical bills paid by the defendant. The court awarded the plaintiff $11,386.63 in economic and noneconomic damages.

On appeal, the defendant claims that the court improperly concluded that economic damages, determined pursuant to General Statutes § 52-572h, included (1) the difference between the amount of medical bills incurred and the amount paid, which subsequently was forgiven by the medical care providers voluntarily, not pursuant to any insurance plan or contract and (2) lost wages paid by workers' compensation.[2] The defendant claims, in the alternative, that the difference between the medical bills incurred and the amount paid should be deducted as a collateral source pursuant to General Statutes § 52-225b. We disagree with the defendant and, therefore, affirm the judgment of the trial court.

Our examination of the record and briefs, and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's well reasoned opinion. See *Hassett* v. *New Haven*, supra, 49 Conn. Sup. 7. Because that opinion fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Crone* v. *Connelly*, 267 Conn. 581, 582, 840 A.2d 552 (2004).[3]

The judgment is affirmed.

[2] The defendant asserts that the plaintiff is entitled to $964.17 for lost wages, which represents the difference between workers' compensation payments and the amount the plaintiff would have earned in wages and overtime.

[3] Our decision to adopt the court's well reasoned opinion is informed further by our Supreme Court's recent decision in *Piersa* v. *Phoenix Ins. Co.*, 273 Conn. 519, 871 A.2d 992 (2005), which specifically held that a self-insured entity, like the defendant, is not entitled to advantages by virtue of its position as both insurer and insured that are not open to commercial

insurers. Id., 528–30. In so holding, our Supreme Court restated the goal of the legislature in creating a uniform scheme of uninsured motorist coverage, regardless of the nature of the insurer. Id. Although the trial court did not have the advantage of our Supreme Court's decision in *Piersa* when it decided this case, its decision is consistent with *Piersa* and the propositions for which it stands.

