NEWS AMERICA MARKETING IN-STORE, INC.
*v.* STEVEN MARQUIS ET AL.
(SC 17362)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued October 20—officially released November 29, 2005

*A. Robert Fischer*, with whom was *Jeffrey M. Vona*, for the appellant (plaintiff).

*Michael N. LaVelle*, with whom, on the brief, was *Jonathan Orleans*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, News America Marketing In-Store, Inc., appeals, upon our grant of certification, from the judgment of the Appellate Court affirming the trial court's judgment in favor of the defendants, Steven Marquis and Floorgraphics, Inc. (Floorgraphics).[1] We affirm the judgment of the Appellate Court.

The plaintiff, a company in the in-store advertising and promotional products industry, brought this action alleging that Marquis, the plaintiff's former vice president of retail marketing for the north central region of the United States, breached his duty of loyalty to the plaintiff, converted the plaintiff's property and violated

---

[1] We granted certification to appeal limited to the following issues: "1. Did the Appellate Court properly conclude that proof of injury is an essential element of a claim for breach of duty of loyalty to an employer?

"2. Did the Appellate Court properly conclude that the trial court correctly determined that the plaintiff was not a 'prevailing party' under General Statutes § 52-570b?" *News America Marketing In-Store, Inc.* v. *Marquis*, 273 Conn. 905, 868 A.2d 744 (2005).

General Statutes §§ 53a-251[2] and 52-570b[3] by engaging in unauthorized access to, and misuse of, its computer system. Specifically, the plaintiff alleged that Marquis,

[2] General Statutes § 53a-251 (b) defines unauthorized access to a computer system as follows: "(1) A person is guilty of the computer crime of unauthorized access to a computer system when, knowing that he is not authorized to do so, he accesses or causes to be accessed any computer system without authorization. . . ."

General Statutes § 53a-251 (e) defines misuse of computer system information as follows: "A person is guilty of the computer crime of misuse of computer system information when: (1) As a result of his accessing or causing to be accessed a computer system, he intentionally makes or causes to be made an unauthorized display, use, disclosure or copy, in any form, of data residing in, communicated by or produced by a computer system; or (2) he intentionally or recklessly and without authorization (A) alters, deletes, tampers with, damages, destroys or takes data intended for use by a computer system, whether residing within or external to a computer system, or (B) intercepts or adds data to data residing within a computer system; or (3) he knowingly receives or retains data obtained in violation of subdivision (1) or (2) of this subsection; or (4) he uses or discloses any data he knows or believes was obtained in violation of subdivision (1) or (2) of this subsection."

[3] General Statutes § 52-570b provides in relevant part: "(a) Any aggrieved person who has reason to believe that any other person has been engaged, is engaged or is about to engage in an alleged violation of any provision of section 53a-251 may bring an action against such person and may apply to the Superior Court for: (1) An order temporarily or permanently restraining and enjoining the commencement or continuance of such act or acts; (2) an order directing restitution; or (3) an order directing the appointment of a receiver. . . .

"(b) The court may award the relief applied for or such other relief as it may deem appropriate in equity.

"(c) Independent of or in conjunction with an action under subsection (a) of this section, any person who suffers any injury to person, business or property may bring an action for damages against a person who is alleged to have violated any provision of section 53a-251. The aggrieved person shall recover actual damages and damages for unjust enrichment not taken into account in computing damages for actual loss, and treble damages where there has been a showing of wilful and malicious conduct.

"(d) Proof of pecuniary loss is not required to establish actual damages in connection with an alleged violation of subsection (e) of section 53a-251 arising from misuse of private personal data.

"(e) In any civil action brought under this section, the court shall award to any aggrieved person who prevails, reasonable costs and reasonable attorney's fees.

"(f) The filing of a criminal action against a person is not a prerequisite to the bringing of a civil action under this section against such person. . . ."

prior to submitting his resignation, solicited one of its employees to work for his new employer, Floorgraphics, a business competitor of the plaintiff, and took copies of certain business related materials, some of which he had obtained by gaining access to computer files.

The trial court rejected the plaintiff's breach of loyalty claim, which was based on Marquis' removal of the materials from the plaintiff's premises and from the plaintiff's computer system and on the solicitation of one of the plaintiff's employees, because there was no evidence that Floorgraphics had, through Marquis' actions, acquired any secret information or that Marquis had disclosed any trade secret material to Floorgraphics and because the employee whom Marquis solicited did not leave the plaintiff's employ. The court also determined that, because the plaintiff, which had withdrawn any claims for injunctive relief, had not proved that it suffered an injury or loss, it was not a prevailing party under § 52-570b (e) and therefore was not entitled to attorney's fees or costs under the statute.

In affirming the judgment of the trial court, the Appellate Court agreed that there was no breach of the duty of loyalty, holding that "proof of a specific loss is an essential element in a cause of action for breach of the duty of loyalty owed by an employee to his employer." *News America Marketing In-Store, Inc.* v. *Marquis,* 86 Conn. App. 527, 534, 862 A.2d 837 (2004). In so concluding, the Appellate Court rejected the plaintiff's claim that money the plaintiff had expended on an investigation for purposes of the present action constituted damages. Id., 536–37. The court also agreed with the trial court's analysis of the plaintiff's claim for costs and attorney's fees under § 52-570b, concluding that the

plaintiff had failed to show that it was a person who had suffered injury, as required by § 52-570b (c).[4] Id., 548–49.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed on the certified issues. See id., 533–38, 546–49. Those issues were resolved properly in the Appellate Court's concise and well reasoned opinion. Because that opinion fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. *Miller's Pond Co., LLC* v. *Rocque*, 263 Conn. 692, 697, 822 A.2d 238 (2003).

The judgment of the Appellate Court is affirmed.

---

[4] The Appellate Court also addressed three issues that are not before us in this certified appeal, concluding that: (1) the plaintiff could not prevail on its claim that the defendants had violated the uniform trade secrets act (act), and therefore was not entitled to attorney's fees under the act, because the plaintiff had failed to demonstrate the requisite actual loss under the act; see *News America Marketing In-Store, Inc.* v. *Marquis*, supra, 86 Conn. App. 538–43; (2) because the plaintiff had failed to demonstrate that it had suffered a loss, it also could not prevail on its claim for conversion and, therefore, was not entitled to treble damages under General Statutes § 52-564; see id., 543–46; and (3) the plaintiff was not entitled to nominal damages as to any of its claims, because for each of those claims, the plaintiff had failed to demonstrate the defendants' liability. See id., 549–50.