FRED RUOTOLO ET AL. *v.* RIEFE TIETJEN, EXECUTOR (ESTATE OF JOHN N. SWANSON), ET AL.
(SC 17640)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued January 8—officially released February 27, 2007

*J. Michael Sulzbach,* with whom was *Jeffrey T. Beatty,* for the appellants (named defendant et al.).

*Jonathan J. Einhorn,* for the appellee (defendant Kathleen Smaldone).

*Opinion*

PER CURIAM. The named defendant, Riefe Tietjen, executor of the estate of John N. Swanson, and the defendants Marion Fessenden and Geraldine Augeri, appeal, following our grant of certification, from the judgment of the Appellate Court; *Ruotolo* v. *Tietjen,* 93 Conn. App. 432, 451, 890 A.2d 166 (2006); reversing the judgment of the Superior Court on appeal from the Probate Court, which had found that our testamentary antilapse statute, General Statutes § 45a-441, was inoperative in the present case.[1] We affirm the judgment of the Appellate Court.

As set forth in the opinion of the Appellate Court, the following facts are undisputed. "On March 1, 1990, John N. Swanson executed a will. The residuary clause

---

[1] General Statutes § 45a-441 provides: "When a devisee or legatee, being a child, stepchild, grandchild, brother or sister of the testator, dies before him, and no provision has been made in the will for such contingency, the issue of such devisee or legatee shall take the estate so devised or bequeathed."

contained therein bequeathed, inter alia, 'one-half . . . of [the residue] property to Hazel Brennan of Guilford, Connecticut, *if she survives me . . . .*' Brennan died on January 2, 2001, seventeen days prior to the testator's death. Brennan was the testator's stepdaughter, a relation encompassed by § 45a-441. The [defendant Kathleen Smaldone] is the child of the deceased legatee, Brennan, and is a residuary legatee in the will, and, thus, was an object of affection of the testator.

"On February 9, 2001, the will was admitted to probate. In a memorandum of decision dated April 26, 2002, the Probate Court concluded that, as § 45a-441 'is not operative,' the bequest to Brennan lapsed and passed to the intestate estate. The plaintiffs, Fred Ruotolo and Charlene Ruotolo, beneficiaries under the will, filed a motion for appeal to the Superior Court. The Probate Court issued a decree allowing the appeal. [Smaldone] thereafter filed a cross appeal. Following a de novo hearing, the court issued a memorandum of decision affirming the judgment of the Probate Court . . . ." (Emphasis added.) Id., 434. The Superior Court agreed with the Probate Court that, because the bequest contained the qualification " 'if she survives me,' " the testator had provided for such a contingency and, therefore, had removed the will from the ambit of § 45a-441. Id., 435.

On appeal from the Superior Court, the Appellate Court examined the historical underpinnings of § 45a-441, concluding that the statute is a departure from the common-law rule, under which legacies became intestate if the legatee predeceased the testator. Id., 436–38. The Appellate Court found that the purpose of our modern antilapse statute is to prevent unintended disinheritance and that, as a remedial statute, it must be interpreted liberally. Id., 439. Reviewing the authority of sister states, the Appellate Court considered whether the survivorship language of the will, in the present

case, manifested an intent contrary to § 45a-441. Id., 443–44. Noting the presumption that a testator intended his will to dispose of his entire estate; id., 447; the court concluded that to establish contrary intent, and, thus, avoid application of the antilapse statute, "the testator must either unequivocally express that intent or simply provide for an alternate bequest." Id., 450. In the present case, the words of survivorship, without more, were insufficient to satisfy that standard. Id.

We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that General Statutes § 45a-441 is applicable to the facts of the present case?" *Ruotolo* v. *Tietjen*, 277 Conn. 929, 930, 896 A.2d 101 (2006). This appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the Appellate Court should be affirmed on the certified issue. The Appellate Court properly resolved that issue in its concise and well reasoned opinion. Because that opinion fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issue and the applicable law concerning that issue. It would serve no useful purpose for us to repeat the discussion contained therein. See *News America Marketing In-Store, Inc.* v. *Marquis*, 276 Conn. 310, 314, 885 A.2d 758 (2005).

The judgment of the Appellate Court is affirmed.