## DAVID HARDT *v.* TOWN OF WATERTOWN ET AL.
### (SC 17684)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 6—officially released March 13, 2007

*Edward T. Dodd, Jr.*, with whom, on the brief, was *Laura Ondrush*, for the appellant (plaintiff).

*Colette S. Griffin*, with whom, on the brief, was *Melanie A. Dillon*, for the appellee (defendant).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether a volunteer firefighter injured while participating in an open gymnasium basketball program arranged by his volunteer fire department was engaged in "training" and is, therefore, entitled to workers' compensation benefits pursuant to General Statutes § 7-314a.[1] The plaintiff, David Hardt, appeals, upon our grant of his petition for certification,[2] from the judgment of the Appellate Court affirming the decision of the compensation review board (board). The board reversed the decision of the workers' compensation commissioner (commissioner) that the plaintiff's injury was compensable under § 7-314a by the defendants, the town of Watertown (town) and its insurer, RSKCo

---

[1] General Statutes § 7-314a provides in relevant part: "(a) Except as provided in subsections (e) and (f) of this section, active members of volunteer fire departments and active members of organizations certified as a volunteer ambulance service in accordance with section 19a-180 shall be construed to be employees of the municipality for the benefit of which volunteer fire services or such ambulance services are rendered while in training or engaged in volunteer fire duty or such ambulance service and shall be subject to the jurisdiction of the Workers' Compensation Commission and shall be compensated in accordance with the provisions of chapter 568 for death, disability or injury incurred while in training for or engaged in volunteer fire duty or such ambulance service. . . ."

[2] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the claimant was not entitled to workers' compensation benefits based upon General Statutes § 7-314a?" *Hardt* v. *Watertown*, 278 Conn. 923, 901 A.2d 1220 (2006).

Services, Inc. *Hardt* v. *Watertown*, 95 Conn. App. 52, 60, 895 A.2d 846 (2006). We affirm the judgment of the Appellate Court.

The Appellate Court majority opinion sets forth the following facts and procedural history. "At all relevant times, the plaintiff was a deputy fire chief for the [town's volunteer fire] department [department]. Members of the department were required to pass annual physical examinations, but there were no additional physical fitness requirements for the department. Although the department did not have a structured physical fitness program, it arranged a weekly open gymnasium basketball program for the exclusive participation of its members. The program was voluntary, but department leadership encouraged its members to participate by announcing the program over department radio and by posting information about it in each of the two department firehouses. The chief of the department characterized the basketball program as a 'loosely organized physical fitness program [that] is also recreational.'[3]

"On April 23, 2001, the plaintiff injured his knee while playing basketball in the department's basketball program. The chief of the department described the plaintiff's injury as 'having occurred while he was participating in the voluntary fire department sponsored open gym (physical fitness program).' The plaintiff subsequently filed a claim for workers' compensation benefits." Id., 54–55. After a hearing, the commissioner concluded that the plaintiff was entitled to workers' compensation benefits. Id., 55. The defen-

[3] "In addition, members who participated in the basketball program earned points toward retirement benefits. There also was evidence in the record, however, that members of the department earned points toward retirement benefits for all department sponsored events, including the basketball program and department clambakes." *Hardt* v. *Watertown*, supra, 95 Conn. App. 54 n.2.

dants then appealed to the board, which reversed the commissioner's decision. Id.

The plaintiff appealed from the decision of the board to the Appellate Court, the majority of which concluded that the word " 'training' " as used in § 7-314a (a) does not mean "training for the general physical demands of the position, as opposed to learning about and practicing the skills associated with fighting fires. Although we acknowledge that firefighting requires a certain degree of physical fitness, we are unable to conclude that members of volunteer fire departments are entitled to workers' compensation for injuries sustained while they are engaged in purely voluntary physical fitness activities." Id., 60. Accordingly, the Appellate Court, with one judge dissenting, affirmed the decision of the board. Id. This certified appeal followed.

On appeal, the plaintiff claims that the word training under § 7-314a encompasses department sponsored activities intended "to assist the firefighters in their efforts to maintain the level of physical fitness" required for firefighting under local and national guidelines. The plaintiff relies on the definition of " 'fire duties' " in General Statutes § 7-314 (a),[4] which encompasses certain fire service-specific training and instructional activities, as well as on the public policy arguments

---

[4] General Statutes § 7-314 (a) provides in relevant part: "Wherever used in this section and sections 7-314a and 7-322a . . . the term 'fire duties' includes duties performed while at fires, while answering alarms of fire, while answering calls for mutual aid assistance, while returning from calls for mutual aid assistance, while directly returning from fires, while at fire drills or parades, while going directly to or returning directly from fire drills or parades, while at tests or trials of any apparatus or equipment normally used by the fire department, while going directly to or returning directly from such tests or trials, while instructing or being instructed in fire duties, while answering or returning from ambulance calls where the ambulance service is part of the fire service, while answering or returning from fire department emergency calls and any other duty ordered to be performed by a superior or commanding officer in the fire department . . . ."

discussed in Chief Judge Lavery's dissenting opinion. Id., 60–62 (*Lavery, C. J.*, dissenting).

Our examination of the record and briefs, and our consideration of the arguments of the parties, persuade us that the judgment of the Appellate Court should be affirmed. The issues were resolved properly in the Appellate Court majority's concise and well reasoned opinion. Because that opinion fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the issues and the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. *News America Marketing In-Store, Inc.* v. *Marquis*, 276 Conn. 310, 314, 885 A.2d 758 (2005).

The judgment of the Appellate Court is affirmed.