OPINION
BARRY, Circuit Judge.
On June 12, 2008, we granted a certificate of appealability to William J. Nolan permitting him to appeal two aspects of the District Court’s denial of his habeas petition. For the following reasons, we will affirm in part and vacate in part and remand for further proceedings consistent with this Opinion.
I.
Because we write solely for the parties’ benefit, we set forth only those facts necessary to our analysis.
In 1991, Nolan was arrested and charged with numerous car thefts in both Lackawanna and Luzerne Counties, Pennsylvania. He pled guilty to the Lackawan-na County charges, including nine counts of receiving stolen property and one count *870 of theft by deception, and was sentenced to ten consecutive sentences of imprisonment totaling thirty to sixty years. The Lacka-wanna County convictions are not at issue in this appeal. With respect to the Lu-zerne County charges, a jury convicted Nolan of six counts of theft by unlawful taking and five counts of receiving stolen property. He was sentenced to an aggregate of twenty-one to forty-two years imprisonment.
Following his direct appeal of the Lu-zerne County convictions, Nolan filed a petition for post-conviction relief under 42 Pa. Cons.Stat. Ann. § 9541, et seq. That petition, filed in 1999, enumerated twenty-one claims, spawning a lengthy and complex procedural history. We, however, will address only the procedural events relevant to our analysis.
The Court of Common Pleas (“PCRA Court”) initially dismissed Nolan’s petition for post-conviction relief. In 2000, Nolan appealed that dismissal to the Superior Court. In his brief to the Superior Court, Nolan included a three-page statement of questions involved, thus violating Pennsylvania Rule of Appellate Procedure 2116(a) (“Rule 2116(a)”), which, at the time, required that a petitioner’s statement of questions involved “must never exceed one page.”[1] The Superior Court, after addressing only an ineffective assistance of counsel claim related to Nolan’s double jeopardy and compulsory joinder arguments, remanded the case to the PCRA Court, instructing the PCRA court to vacate the judgment of sentence and dismiss the Luzerne County charges. See Commonwealth v. Nolan, 788 A.2d 1032 (Pa.Super. Ct.2001).
The Commonwealth appealed to the Supreme Court of Pennsylvania, which reversed. See Commonwealth v. Nolan, 579 Pa. 300, 855 A.2d 834 (2004). The Supreme Court remanded the matter to the Superior Court, directing the Superior Court “to consider the issues raised by [Nolan] ... that were not addressed in its [prior] opinion.” (App.41.) The Superior Court, in turn, remanded the matter to the PCRA Court, instructing the PCRA Court to consider only four claims raised by Nolan — the four having been enumerated on the first page of Nolan’s statement of questions involved. That limitation was placed on the PCRA Court because of Nolan’s failure to comport his brief on appeal to the Superior Court in 2000 to the requirements of Rule 2116(a).
On remand, the PCRA Court concluded that the petition should be denied and dismissed. The Superior Court affirmed, addressing the merits of only the four claims it had remanded and holding that the balance of Nolan’s claims were waived due to his failure to comply with Rule 2116(a). The Supreme Court denied Nolan’s petition for allowance of appeal. Commonwealth v. Nolan, 591 Pa. 681, 917 A.2d 313 (2007).
In 2007, Nolan filed this petition for a federal writ of habeas corpus, raising twenty claims. The District Court first held that Claims III through VI (the claims addressed on remand by the PCRA Court and the Superior Court) were addressed on the merits by the state court and that the state court’s adjudications were neither contrary to established federal law nor involved an unreasonable determination of the facts. The Court then found that Claim I did not involve a federal constitutional claim and, accordingly, was not cognizable on habeas review. As *871 for Claims VII through XXI (there was no Claim XIX), the Court concluded that they were procedurally defaulted due to Nolan’s failure to adequately present them to the Superior Court in accordance with Rule 2116(a). Finally, the Court found that the state court did not adjudicate Claim II in a manner that was contrary to clearly established federal law or involved an unreasonable determination of the facts.
On June 12, 2008, we granted a certificate of appealability limited to two questions: (1) whether the District Court properly concluded that Claims VII through XXI were procedurally defaulted; and (2) whether the District Court correctly applied the precepts of Brady v. Maryland, 378 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to Claim III.
II.
We exercise plenary review of the decision of the District Court denying, without an evidentiary hearing, Nolan’s habeas petition. Thomas v. Horn, 570 F.3d 105, 113 (3d Cir.2009). The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.
A.
“A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the- judgment.” Beard v. Kindler, - U.S. -, 130 S.Ct. 612, 614, — L.Ed.2d - (2009) (alteration in original; quotation omitted).
A state rule is adequate only if it is consistently and regularly applied. While the state rule should be applied evenhandedly to all similar claims, state courts only need demonstrate that in the vast majority of cases, the rule is applied in a consistent and regular manner.
Doctor v. Walters, 96 F.3d 675, 684 (3d Cir.1996) (quotations and citations omitted). Put simply, “[a] procedural rule is adequate only if it is firmly established, readily ascertainable, and regularly fol-loived.” Szuchon v. Lehman, 273 F.3d 299, 325 (3d Cir.2001) (emphasis added). Furthermore, “[t]hese conditions must have existed at the time of the state court procedural default,” Cabrera v. Barbo, 175 F.3d 307, 313 (3d Cir.1999), here, 2000, when Nolan filed his allegedly procedurally infirm appeal from the denial of post-conviction relief with the Superior Court.
At the time Nolan filed brief with the Superior Court in 2000, Rule 2116(a) provided that:
The statement of questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kinds. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This nde is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.
Pa. R. of App. P. 2116(a) (emphasis added). Despite the apparent clarity of Rule 2116(a), Appellees correctly concede that “[i]n some cases, the Pennsylvania courts have declined to quash or dismiss appeals due to violations of [Rule 2116(a) ].” (Ap-pellees’ Brief at 15.) Indeed, caselaw demonstrates that Pennsylvania courts pri- or to Nolan’s purported procedural default routinely addressed the substantive merits of claims despite a party’s failure to comply with the mandatory page limitation *872 imposed by Rule 2116(a).[2] See, e.g., Commonwealth v. Stafford, 749 A.2d 489, 493 (Pa.Super.Ct.2000); Conner v. Quality Coach, Inc., 724 A.2d 379, 383 n. 5 (Pa.Super.Ct.1999), rev’d on other grounds, 561 Pa. 397, 750 A.2d 823 (2000); Sell v. Sell, 714 A.2d 1057, 1059 (Pa.Super.Ct.1998); Brown v. Phila. Tribune Co., 447 Pa.Super. 52, 668 A.2d 159, 161 n. 1 (1995); Estate of Lakatosh, 441 Pa.Super. 133, 656 A.2d 1378, 1380 (1995).
The foregoing cases demonstrate that Rule 2116(a) is not “adequate” because it is not “regularly followed.”[3] Szuchon, 273 F.3d at 325. Therefore, we will remand this matter to the District Court for consideration of Claims VII through XXI.
B.
We also granted a certificate of appealability as to Claim III, in which Nolan argues that the Commonwealth committed a Brady violation because he did not receive a bill of particulars and pretrial discovery, and that his attorney was ineffective for failing to raise this argument. We may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication resulted in a decision that was “contrary to, or involved an unreasonable application of, clearly established Federal law” or “resulted in a decision that was based on an unreasonable determination of the facts.” 28 U.S.C. § 2254(d).
In addressing this contention, the PCRA Court concluded that Nolan’s claim was “not of arguable merit,” and that, in any event, even if counsel were ineffective, “the outcome of the trial would not have been different.” (App.45.) The Superior Court similarly found “no merit to [Nolan’s] claim,” and was “not persuaded by [Nolan’s] assertion that he was prejudiced.” (App. at 55.) The District Court reviewed the state court record and concluded that denial of this claim “did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law,” nor was the result “based on an unreasonable determination of the facts in light of the evidence presented.” (App. at 18.)
Nolan contends that he never received any discovery at all and specifically identified the transcript of his preliminary hearing and evidence of his own crimen falsi offenses as items to which he was entitled. But Nolan fails to point to anything supporting this contention and ignores the rule that “Brady does not compel the government to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.” See United States v. Pelullo, 399 F.3d 197, 213 (3d Cir.2005) (quotation omitted). Moreover, Nolan fails to present any evidence that he was prejudiced by the Commonwealth’s purported failures. Accordingly, we will affirm the District Court’s decision on Claim III.
*873 in.
For the reasons stated above, we will vacate and remand the District Court’s order with respect to Claims VII through XXI, and will affirm with respect to Claim III.

. Rule 2116 has since been amended and now provides that the statement of questions involved "shall be no more than two pages.”

. The practice of addressing the merits of an issue despite a party's non-compliance with Rule 2116(a) continued well after the filing of Nolan's brief with the Superior Court. See e.g., Commonwealth v. Beshore, 916 A.2d 1 128, 1133 n. 1 (Pa.Super.Ct.2007); Universal Underwriters Ins. Co. v. A. Richard Kacin, Inc., 916 A.2d 686, 689 n. 6 (Pa.Super.Ct.2007).

. The Supreme Court’s recent decision in Beard v. Kindler, - U.S. -, 130 S.Ct. 612, does not alter this standard. There, the Court held that facially discretionary rules may be adequate to preclude habeas review. Id. 130 S.Ct. at 618. Kindler did not, however, address the adequacy of facially mandatory rules, such as Rule 2116(a), that state courts apply inconsistently. Indeed, the Court declined to provide additional guidance on the adequate state ground doctrine. Id. 130 S.Ct. at 619.