MATTHEW COSTER *v.* CRISTINA DUQUETTE
(AC 30601)

Beach, Robinson and Schaller, Js.

Argued October 27, 2009—officially released March 16, 2010

*Dov Braunstein,* with whom, on the brief, was *Robert A. Scott,* for the appellant (defendant).

*Brennen C. Maki,* with whom, on the brief, was *James F. Murtha,* certified legal intern, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, Cristina Duquette, appeals from the judgment of the trial court rendered in favor of the plaintiff, Matthew Coster, following a

trial to the court. On appeal the defendant claims that the court improperly (1) found that she had converted the plaintiff's final examination paper, (2) found that the plaintiff had not converted her final examination paper and (3) awarded the plaintiff punitive damages in the form of attorney's fees. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. In the spring of 2006, the plaintiff and the defendant were both students at Central Connecticut State University (university) enrolled in a western civilization class taught by professor Ronald Moss. A final examination paper on the Holocaust was due by 5 p.m. on May 15, 2006. On May 14, 2006, the plaintiff commenced work on his paper and on May 15, 2006, at about 4 p.m., put his final examination paper into Moss' mailbox.

On May 19, 2006, the defendant e-mailed Moss, inquiring about her grade on the final examination paper. On May 22, 2006, Moss e-mailed the defendant in response and informed her that he did not have her paper but that she had until the next morning to e-mail a copy to him without penalty. On May 23, 2006, at 3:19 p.m., the defendant e-mailed Moss, explaining that she had left her paper in his mailbox on the due date and that she would not have jeopardized her grade by doing otherwise. One minute later, the defendant sent another e-mail from another e-mail account with her paper attached.

On May 23, 2006, at 5:15 p.m., that same day, Moss sent an e-mail to the other students in his class who had not submitted a final examination paper, which included the plaintiff, informing them that he had not received their papers. Moss then indicated that if any of the students had actually submitted a hard copy of their paper on the due date, the student should e-mail Moss a copy of it as soon as possible to avoid receiving

a zero on the examination. The plaintiff responded to the e-mail a short time later with an e-mail declaring that he had already submitted his paper but was sending a copy of it as an attachment anyway.

After reviewing the plaintiff's and the defendant's papers, Moss concluded that approximately 80 percent of the two papers were similar. Moss scheduled a meeting with both the plaintiff and the defendant to discuss the similarities in the papers; however, Moss showed only the defendant's paper to the plaintiff.

On May 30, 2006, Moss filed an academic misconduct report regarding the plaintiff's alleged plagiarism. After an internal investigation, including a detailed comparison of the writing style, grammar and references used in both papers, the university charged the plaintiff with plagiarizing the final examination paper, providing false information to Moss and taking another student's examination paper from Moss' mailbox. A hearing was held before a panel that issued a decision on September 1, 2006, to expel the plaintiff from the university. The plaintiff's internal appeal was denied.

In July, 2007, the plaintiff filed a lawsuit claiming that the defendant was liable for conversion and civil theft. On November 2, 2007, the defendant filed an answer and special defenses. The defendant also filed a counterclaim against the plaintiff for conversion of her final examination paper.[1] The court found in favor of the plaintiff on his complaint as to the claim of conversion and for the defendant as to the claim of civil theft. The court awarded punitive damages to the plaintiff in the form of attorney's fees. This appeal followed.

---

[1] The defendant also included counts for "abuse of process-vexatious suit," emotional distress and civil theft in her counterclaim. The court found in favor of the plaintiff on all counts of the counterclaim. None of these other counts, however, are the subject of this appeal.

I

The defendant first claims that the court improperly found that the defendant converted the plaintiff's final examination paper. Specifically, the defendant argues that, inter alia, (1) she was a better student and, therefore, had no motivation to convert the plaintiff's paper, (2) the court improperly ignored the analyses of the two papers conducted by Moss and Christopher Dukes, the director of the office of student conduct at the university, (3) the court improperly credited the plaintiff's testimony, (4) the court ignored expert testimony regarding creation and modification of document dates stored on computers and (5) the court disregarded the unaccounted for time that the defendant allegedly held onto the plaintiff's paper before submitting it as her own work. We disagree.

"The applicable standard of review is whether the court's conclusion that the evidence supported the finding of conversion was clearly erroneous. We have long held that a finding of fact is reversed only when it is clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Aubin* v. *Miller*, 64 Conn. App. 781, 796, 781 A.2d 396 (2001).

"The tort of [c]onversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights. . . . Thus, [c]onversion is some unauthorized act which deprives another of his property

permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 307, 934 A.2d 827, cert. denied, 285 Conn. 907, 908, 942 A.2d 415, 416 (2008). "To establish a prima facie case of conversion, the plaintiff had to demonstrate that (1) the material at issue belonged to the plaintiff, (2) that [the defendant] deprived the plaintiff of that material for an indefinite period of time, (3) that [the defendant's] conduct was unauthorized and (4) that [the defendant's] conduct harmed the plaintiff." *News America Marketing In-Store, Inc.* v. *Marquis*, 86 Conn. App. 527, 545, 862 A.2d 837, aff'd, 276 Conn. 310, 885 A.2d 758 (2005).

Here, the court found that the plaintiff began work on his paper on May 14, 2006. The court found credible the testimony of Mark Grzelak, a toll communications and technology consultant and engineer, that the properties of the file containing the plaintiff's final examination paper showed that it was created on May 15, 2006, at 1:27 a.m. and last modified on May 15, 2006, at 3:38 p.m. The court found that the plaintiff put his final examination paper into Moss' mailbox at approximately 4 p.m. on May 15, 2006, whereas, the court found that the defendant submitted her paper to Moss via e-mail on May 23, 2006. The court found that the defendant's testimony that she saved her final examination paper on May 14 or 15, 2006, on the "M" drive of the university's computer system, which was later allegedly purged, was not credible.

Further, after reviewing the two papers, the court found it more likely that the defendant converted the plaintiff's paper and handed it in as her own because of the notes that the plaintiff submitted to the court,

which he used to write the paper and which the defendant did not have, blatant substantive errors that were not corrected in the defendant's paper and typographical and structural errors that were corrected in the defendant's paper. Finally, the court found that the conversion of the plaintiff's paper caused him harm by subjecting him to an internal investigation conducted by the university, in which he was found liable for plagiarizing his examination and subsequently expelled from the university. After our review of the record, we conclude that all of those findings are supported by the evidence in the record and, thus, are not clearly erroneous. Therefore, under the facts and circumstances of this case, the court's conclusion that the defendant converted the plaintiff's final examination paper was not clearly erroneous.[2]

## II

The defendant also claims that court improperly awarded the plaintiff punitive damages in the form of attorney's fees. In support of this claim, the defendant argues that there was no evidence that the defendant acted recklessly, which is necessary to support an award of punitive damages, because it was her paper that was converted, and, therefore, she was not deceitful when she failed to confess to misconduct. We disagree.

"In awarding punitive damages in the form of attorney's fees, [t]he trial court has broad discretion in

---

[2] The defendant also claims that the court improperly dismissed her counterclaim that alleged conversion. After reviewing the court's memorandum of decision, we note that the court did not dismiss the defendant's counterclaim but, rather, found in favor of the plaintiff. Because we have already reviewed the record and concluded that the court's decision that the defendant converted the plaintiff's final examination paper is not clearly erroneous, we conclude that, consequently, the court's decision against the defendant regarding her counterclaim alleging conversion of the same final examination paper is not clearly erroneous either.

determining whether damages are appropriate. . . . Its decision will not be disturbed on appeal absent a clear abuse of discretion. . . . Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Citation omitted; internal quotation marks omitted.) *Bhatia* v. *Debek*, 287 Conn. 397, 420, 948 A.2d 1009 (2008).

The court found that the defendant acted with reckless indifference to the plaintiff's rights when she failed to disclose the truth about her conversion of the plaintiff's paper while testifying at the university's internal investigation of the plaintiff. Because we have already concluded that the court's finding that the defendant converted the plaintiff's final examination paper was not clearly erroneous, the court's evidentiary basis for its finding that the defendant was reckless is similarly supported by the record.

The judgment is affirmed.

In this opinion the other judges concurred.